**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| (1)  UNITED STATES for the Use and Benefit of Johnson Roofing, Inc., a Texas Corporation<br><br>Plaintiff,<br><br>vs.<br><br>(1) SENECA CONSTRUCTION MANAGEMENT, LLC d/b/a SENECA CONSTRUCTION, LLC; and<br><br>(2) LIBERTY MUTUAL INSURANCE COMPANY<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO.<br><br>6:20-CV-01025 |

**ORIGINAL COMPLAINT**

Plaintiff, United States of America, for the use and benefit of Johnson Roofing, Inc., a Texas ("Johnson Roofing" or "Plaintiff"), for its complaint against defendants, SENECA CONSTRUCTION MANAGEMENT, LLC d/b/a SENECA CONSTRUCTION, LLC ("Seneca") and Liberty Mutual Insurance Company ("Liberty Mutual"), alleges as follows:

**I.**
**PARTIES**

1. Johnson Roofing is a Texas corporation, having its principal place of business in Waco, Texas.

2. Seneca is a Texas Limited Liability Corporation having its principal place of business at 807 N 2ND Street, Killeen, Texas 76541. Seneca Construction Management, LLC's registered agent for service of process is Gwendolyn J. Maupin, who may be served at her registered

1

address: 453 CR 3350, Kempner, Texas 76539, Seneca's principal place of business or wherever she may be found.

3. Liberty Mutual is a surety company licensed to conduct business in Texas. Liberty Mutual Insurance Company's agent for service of process is Corporation Service Company, who may be served at its registered address: 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

4. All conditions precedent to the filing of this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

5. Plaintiff submits that the main action asserted herein arises pursuant to 40 U.S.C. §3131 to §3133, *et seq.* (commonly referred to as "The Miller Act"), which confers upon this Court subject matter jurisdiction under 28 U.S.C. §1331 as an action arising under the laws of the United States. Pursuant to §3131(3), this action must be brought in the name of the United States for the use of the person bringing the action and in the United States District Court for any district in which the contract was to be performed regardless of the amount in controversy."

6. Plaintiff is seeking funds in the action against a payment bond provided for the benefit and protection of subcontractors like Plaintiff that provided labor and materials for the Project.

7. Plaintiff submits that supplemental jurisdiction exists as to the underlying breach of contract, attorney's fees and interest claims alleged by Plaintiff against Seneca pursuant to 28 U.S.C. §1367(a). Plaintiff joins and invokes the Court's pendent and supplemental jurisdiction as to any claim or causes of action that are not subject to the Miller Act. Any

and all claims alleged herein and found pendent are joined herein as being derived from a common nucleus of operative facts.

8. Venue is proper in the Western District of Texas pursuant to 40 U.S.C. §3133 because it is the federal district court in whose district the contract at issue was performed.

### III.

### RELEVANT BACKGROUND

9. On July 21, 2019, the United States Department of the Army Corps of Engineers (hereinafter called "Government"), entered into a contract with Seneca (Contract No. W9126G-19-C-0034), the ("Prime Contract") to perform work required to construct a project known as "Whitney Project Office Roof Repair" (the "Project").

10. On July 17, 2017, Liberty Mutual, as surety, issued payment bond no. 46K000007 pursuant to The Miller Act, with Seneca Construction Management, LLC as principal for the Project (the "Payment Bond").

11. Seneca entered into a subcontract with Johnson Roofing to provide and furnish the labor, materials and equipment to perform remove the Project's asphalt roof and install a new Thermoplastic Polyolefin (TPO) roofing system (the "Subcontract").

12. Johnson Roofing performed and completed 100% of its Subcontract work. However, Seneca refused to pay Johnson Roofing for any of the labor and material provided for the Project. There remains due and owing from Seneca to Johnson Roofing a sum of at least $68,661.00 for labor and materials supplied to the Project.

## IV.
## CAUSES OF ACTION
### COUNT I – BREACH OF CONTRACT

13. Johnson Roofing incorporates the preceding allegations above as though fully set forth herein.

14. Under the terms of the Subcontract, Seneca agreed to make periodic payments to Johnson Roofing for work, including labor and materials provided under the Subcontract.

15. Seneca has not paid Johnson Roofing periodic, monthly progress payments despite Johnson Roofing having provided work, labor and materials for the Project.

16. Seneca's failure to pay Johnson Roofing constitutes a breach of the Subcontract that has damaged Johnson Roofing in an amount of at least $68,661.00.

17. All conditions precedent to Johnson Roofing's right of recovery for breach of contract have occurred, been satisfied or waived.

### COUNT II – ACTION ON BOND UNDER THE MILLER ACT

18. Johnson Roofing re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

19. The Payment Bond was issued for the project of all persons supplying labor and material in carrying out the work of the Project.

20. Johnson Roofing last supplied labor and materials to the Project on or about November 5, 2019.

21. Johnson Roofing supplied labor and materials to carry out work on the Project and is part of the class of persons entitled to the protection of the Payment Bond issued by the surety Liberty Mutual.

4

22. Johnson Roofing made its claim under the Payment Bond to Liberty Mutual in the time and manner provided by 40 U.S.C. §§3131 *et. seq.* and the Payment Bond.

23. Johnson Roofing has not received any payment from Liberty Mutual.

24. Pursuant to the terms of the Miller Act and the Bond, Johnson Roofing is entitled to recover the unpaid amounts for labor and materials provided to the Project in an amount totaling $68,661.00.

25. All conditions precedent to Johnson Roofing's right of action against the Payment Bond and Liberty Mutual have occurred, been satisfied, or waived.

COUNT III – ATTORNEY'S FEES, COSTS AND EXPENSES

26. Johnson Roofing alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

27. Because Seneca has breached its payment obligations and forced Johnson Roofing to commence this breach of contract action, Johnson Roofing is entitled to recover its reasonable attorney's fees incurred in prosecuting its breach of contract claim.

28. Johnson Roofing is also entitled to recover, and seeks herein, pre- and post- judgment interest in the highest amount allowed by law, along with all its costs, expenses incurred in this lawsuit.

29. All conditions precedent to Johnson Roofing's right of recovery for its reasonable attorney's fees, interest, costs and expenses, have occurred, been satisfied, or waived.

WHEREFORE, above premises considered, Johnson Roofing asks that judgment be entered

against defendants, Seneca Construction Management, LLC and Liberty Mutual Insurance Company, for damages in an amount of at least $68,661.00, an award of pre-judgment interest at the highest rate provided by law, reasonable attorney's fees, Johnson Roofing's costs in bringing and maintaining this action and all such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Calvin L. Cowan
Brian K. Carroll
Email: brian@txconstructionlaw.com
TEXAS BAR NO. 24034363
Calvin L. Cowan
TEXAS BAR NO. 24040737
E-Mail: calvin@txconstructionlaw.com
**SANDERFORD & CARROLL, P.C.**
2110 Birdcreek Drive
Temple, Texas 76502
**Attorneys for Plaintiff**
**US ex. Rel. Johnson Roofing, Inc.**